FILED
United States Court of Appeals
Tenth Circuit

September 24, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL LaRAYE HOLMAN,

     Petitioner - Appellant,

v.

JEORLD BRAGGS, Jr., Warden,

     Respondent - Appellee.

No. 18-5033
(D.C. No. 4:14-CV-00696-JHP-FHM)
(N.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.

Petitioner Daniel Holman, an Oklahoma inmate appearing pro se, seeks a certificate of appealability ("COA") to challenge the district court's dismissal of his application for relief under 28 U.S.C. § 2254.[1] For the following reasons, we deny a COA and dismiss this appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1]Because Mr. Holman appears pro se, we construe his filings liberally. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). But we draw the line at taking "on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005).

## I.  BACKGROUND

On July 15, 2010, Mr. Holman and Derreon Carter entered Elizabeth Craig's apartment. Ms. Craig testified that she had just returned home from Taco Bell around twenty seconds before the two men entered her apartment. Mr. Carter placed a cold, sharp object against Ms. Craig's neck and asked where she kept her money. Ms. Craig pointed to her purse and Mr. Holman retrieved her purse and carried it around.

Mr. Carter then ordered Ms. Craig to take off her clothes and, when she resisted, he tried to undress her. Ms. Craig told Mr. Carter to "Please, just let me get you my money." ROA at 385 (quoting Tr. III at 35–36). Mr. Carter allowed Ms. Craig to crawl to her purse and she reached inside, pulled out a handgun, and fired multiple shots at Mr. Carter and Mr. Holman. Upon hearing the gunshots, Ms. Craig's boyfriend, Shannon Chambers, woke up from the other room and began wrestling with Mr. Carter and Mr. Holman. When she had a clear shot, Ms. Craig fired again at Mr. Carter and Mr. Holman, hitting Mr. Carter in the back of the head and Mr. Holman in the forehead. Mr. Carter died from his injuries.

Ms. Craig testified she did not know Mr. Carter or Mr. Holman and had never seen either of them before they entered her apartment without her consent. However, Mr. Holman testified Mr. Carter and Ms. Craig knew each other and that Ms. Craig fired the gun after beginning to argue with Mr. Carter. Mr. Holman also testified he did not have any weapons on him when he entered Ms. Craig's apartment and had no intention of robbing or sexually assaulting her.

2

The jury found Mr. Holman guilty of Felony Murder, Attempted Robbery with a Dangerous Weapon, and Attempted First Degree Rape. Mr. Holman filed a motion for a new trial, alleging he had newly discovered evidence showing Mr. Carter and Ms. Craig knew each other. This evidence consisted of two witnesses claiming to have seen Mr. Carter and Ms. Craig together on multiple instances, including one time in Ms. Craig's apartment. The state district court denied Mr. Holman's motion because the evidence came from people he knew before trial and therefore could have been discovered prior to trial with due diligence.

Mr. Holman appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), alleging ineffective assistance of trial counsel for (1) failing to adequately investigate the relationship between Mr. Carter and Ms. Craig, (2) presenting an incoherent defense by arguing Mr. Carter and Mr. Holman may have entered Ms. Craig's apartment by mistake, and (3) failing to impeach Ms. Craig's testimony that the robbery started around twenty seconds after she came home with an empty Taco Bell wrapper found in her apartment. The OCCA remanded for an evidentiary hearing on the ineffective assistance of counsel claims.

The state district court, applying *Strickland v. Washington*, 466 U.S. 668 (1984), denied Mr. Holman's ineffective assistance of counsel claims. As to the first claim, the state district court concluded Mr. Holman's trial counsel was not deficient because he understood the importance of proving Mr. Carter and Ms. Craig had a relationship from the beginning and undertook significant investigatory steps by hiring an electronic investigator and having Mr. Holman and Mr. Holman's friends and family search for

3

individuals who may be able to testify about that relationship. Additionally, the state district court concluded Mr. Holman was not prejudiced even if trial counsel was deficient because the two new witnesses had significant credibility problems.

The state district court also rejected Mr. Holman's second and third arguments for ineffective assistance of counsel. Recognizing "[s]trategic decisions are virtually unassailable on appeal," the state district court concluded the mistaken entry suggestion did not fall below an objective standard of reasonableness. ROA at 186. Similarly, the state district court found "the failure to cross-examine [Ms.] Craig about where she ate part of her meal[] does not constitute such conduct." *Id.* It also concluded neither of those alleged errors was prejudicial.

The OCCA agreed with the state district court, concluding the court did not abuse its discretion in its factual findings and correctly determined there was no ineffective assistance of counsel. Mr. Holman challenged the OCCA's decision in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. The federal district court concluded Mr. Holman was not entitled to relief under § 2254 because he was unable to show the OCCA made an unreasonable determination of the facts or unreasonably applied federal law. The federal district court also denied Mr. Holman a COA. Mr. Holman appealed this decision, filed an application for a COA with this court, and filed a motion to proceed *in forma pauperis* on appeal.

## II.   ANALYSIS

Because the federal district court declined to issue a COA, we lack jurisdiction to consider the merits of any of Mr. Holman's ineffective-assistance claims unless and until

4

we issue a COA of our own. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). And we cannot issue a COA unless we are persuaded that Mr. Holman "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met only if Mr. Holman can demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)). "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

If a state court decided a claim on the merits, a federal court cannot grant a writ of habeas corpus unless the applicant shows that the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This "difficult to meet" standard requires a state prisoner to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011).

In order to establish a claim for ineffective assistance of counsel, a petitioner must show that "counsel's performance was deficient" and that "the deficient performance

5

prejudiced the defense." *Strickland*, 466 U.S. at 687. Because an ineffective assistance of counsel claim is a "general standard," we undertake a "doubly deferential judicial review" of the state court's decision. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

In his application for a COA, Mr. Holman summarily asserts he was denied effective assistance of counsel but fails to provide any facts relating to his claim or identify any error made by the federal district court. Mr. Holman does not attack the federal district court's conclusion that the OCCA's application of *Strickland* was not objectively unreasonable. Nor does he argue the OCCA made an unreasonable determination of fact. Even when liberally construing his application, we conclude Mr. Holman has failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack*, 529 U.S. at 484, and we therefore deny his application for a COA.

\* \* \*

Mr. Holman also filed a motion to proceed in forma pauperis on appeal. "In order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Holman has not met this burden. Except for two conclusory sentences generally alleging ineffective assistance of counsel, Mr. Holman failed to provide any factual or legal arguments. He therefore has not shown the existence of a reasoned, nonfrivolous argument to support his appeal. Accordingly, his motion for leave to proceed in forma pauperis is denied.

6

### III.    CONCLUSION

For the reasons stated, we **DENY** Mr. Holman a COA and **DISMISS** this appeal.

His motion for leave to proceed in forma pauperis is also **DENIED**.

Entered for the Court


Carolyn B. McHugh
Circuit Judge